The next matter, number 191235, Melissa Reyes-Colon et al. v. United States. Good morning, may it please the Court. Attorney Pedro Vazquez on behalf of the plaintiff's appellants here. Judges, good morning. Counsels, good morning. This is an FTCA case, and in the district court's opinion and order, and I'm going to quote here, it said, we know of no federal statute or regulation which dictates the manner in which the Postal Service is required to oversee its contractors or assure that its contractors comply with federal regulations or provisions. Yet, I would point to this court in page 204 of our appendix, which are documents generated by the postal inspectors, it specifically reads, you must inspect your vehicles daily. You must inspect your vehicles daily, and there's a checklist in there, and it goes through a list, among them the tires, the same ones that were balled here with no treads and caused an accident that left catastrophic conditions to two children. That's in a nutshell what we're here for. To determine, then, if the district court was correct in saying that the Postal Service under these circumstances… What is the document you just read from? It is from the vehicle inspections of the highway contractor. The highway contractor? Yes. Right. Regulations. So it imposes the obligation on the contractor? No, on the postal service when they're loading up the trucks. No, it imposes the obligation on the contractor to inspect their vehicles. They must also, but the Postal Service also has an obligation to inspect. Pursuant to what? Pursuant to the highway contractor regulations. I guess I'm confused because it specifically says the contractors, which is not the post office. So clearly it imposes an obligation on the contractors to inspect. Well, Judge Thompson, further below in that same document, it addresses personnel who are responsible for completing a daily checklist must be thoroughly familiar with subchapters 44, 45, and 46. Right, the drivers of the contractors. Postal employees that do the checklist that they then submit it to the drivers and say, hey, look, I'm flagging you for this, you need to check this. So they have the discretionary right to inspect. I haven't found anything that mandates that the post office inspect. But there's clearly regulations pursuant to the contractual relationships between the contractors and the post office that contractually mandates the contractors to inspect and the drivers to do the checklist. But aside from this, have you been able to identify any other law? Because these laws are public laws, they're public regulations. Well, Judge Thompson, my understanding and my reading is that this is part of the regulatory duty that the Postal Service must comply with. Yes, the contractor does have an obligation to inspect, but the Postal Service's responsibility is in addition. And that's our reading. This is our understanding that this application goes to the postal employee. This is an eyeball inspection when they're loading up their 18 wheelers with the cargo. Go and check the tires, the brakes, the seat belts. These are eyeball inspections. I don't want to hold up your argument. We just may have a disagreement, but I don't want to hold up your argument. Well, that's our reading, and I think it's pretty plain in there. And it says you must inspect those vehicles daily. And our reading is that this applies to the Postal Service. Once again, I don't want to hold up your argument. We may disagree, but I don't want you to stop your argument. Well, on this point, I think that, Judge, our factual allegations pleaded enough information to explore and to discovery how this is to be conducted. Counsel, you seem to be saying that the Postal Service cannot do what they did here, in effect, hire an independent contractor, and by so doing, really delegating its authority to pick up the mail, carry the mail. They just can't do that. Even if they do that, they have to, nevertheless, conduct these daily inspections themselves, even though they've included contractual provisions that say the independent contractor should do that. They have to do it, too? Yes. Well, in the contract with the independent contractor, with EGLE, there are provisions there that indicate you have to have separate additional trailers and additional equipment in the event that when we inspect you, they do not meet the requisite criteria. I mean, we're not saying that the Postal Service cannot subcontract work out. That's not what we're saying. What we're saying is these are the standards that you must comply. It's in your contract and it's in this regulation. And our request in this case was give me some jurisdictional discovery in here, give me some discovery so I can explore here. We have two basic theories in here. One of them, we abandoned it, that it was an agency relationship. We're not appealing that. The second theory was that there is a duty to inspect. And I think we did plead enough information to proceed into discovery. So you have a duty by law, regulation, or policy. Is it your argument that if you were granted discovery, you would be able to determine if there was some standard policy which the Postal Service has adopted for itself that obligates it to do these inspections because you haven't found anything in the law, the regs? That's what I am arguing and what I'm requesting is given what we found in here in the highway contract regulation that we should have been given discovery to see the mechanics of how this works, of what the Postal Service is supposed to do. Okay, that answers the question. Okay. Does the Court have any further questions? I'm not so sure that really gets you over the hump of discretion because it seems to me that you still have the discretion not to inspect. Well, Judge, then that goes back to page 204 on the appendix that it says you must inspect daily. And in this, I mean, these are daily inspections that have to be conducted when you're loading up the truck and you're about to go. Check the tires, check the brake lights, check the wipers. But it's in a document entitled Highway Contractor Safety Handbook. Contractor. Right, but there's an interrelationship here between the contractor and the Postal Service. But the relationship is contractual. Yes. It still obligates the postal inspector to have done the eyeball inspection. I suggest you look at the case in which I was reversed by this Court. When I was in the district court, involving the death of Roberto Clemente, with a very similar regulation as this one. Okay. I'm not familiar with the case. I haven't read it. Well, it was a long time ago. I will do the assignment, Judge. Thank you. Thank you. Mr. Weaver, good morning. Good morning. Your Honors and may it please the Court, my name is Michael Weaver and I'm representing the United States. I want to start by addressing this Section 43 vehicle inspections that my colleagues, my friends, started with. So if the Post Office hadn't contracted out the service, would the Post Office itself have a duty to inspect these vehicles? If these were postal vehicles making deliveries, I think, yes, the Postal Service would have an obligation to inspect its own vehicles. So why isn't this contractually delegating what you acknowledge is a postal obligation, a postal duty? Well, Your Honor, the Postal Service does, within its discretion, have the right to delegate some of its responsibilities, including mail transportation and delivery to independent contractors, which is what we did in this case. We delegated the responsibility of transporting the mail to the contractor as well as the responsibility of ensuring safety and inspecting the vehicles. So you're saying that you delegated your duty? We're saying if it was a Postal Service vehicle delivering, we would have a duty to do that in a safe manner. In this case, it is not a Postal Service vehicle delivering because we delegated the responsibility of delivery to the contractor and the responsibility of safety to the contractor. So you delegated your duty? Your Honor, I'm saying yes, yes. If it was a Postal Service vehicle making deliveries, we would have an obligation to do that in a safe manner. We can do this four or five times, but you delegated a duty. Your Honor, I think maybe I'm not understanding your question. Yes, we did delegate. The question is whether it's discretionary. If the post office is obligated to perform a duty, it's a duty. Your Honor, there's an obligation that our vehicle … If the post office has the duty, is contractually making someone else responsible for it, do you still nonetheless have the duty, or do you abdicate all responsibilities for what you acknowledge as a duty? Your Honor, I think that I would analogize this to the case of Varig Airlines where the FAA delegated the responsibility of inspecting airplanes to the airlines themselves. Even though there was an obligation that airlines be inspected, the Supreme Court held that it was a valid delegation to say that the airline had to do the inspection rather than the FAA itself. Because the FAA was still ensuring that that inspection took place, they were just delegating that responsibility to a private party rather than doing that inspection themselves. Turning to 43, the vehicle inspections provision, I would emphasize that this says you must inspect your vehicle daily, and Judge Thompson is correct that that is targeted at, I think plainly, the contractor who owns and drives these vehicles, which is why it says your vehicle. I would also note that while the vehicle inspection checklist that was referenced does mention clerks or any other vehicle inspector who might happen to inspect the vehicle, this provision also explicitly says that that is a sample daily checklist and that the actual obligation that the contractor has is, as 43 says, to inspect and test the vehicle in accordance with Department of Transportation requirements and to meet the Postal Service's inspection requirements, which are in the contract themselves at page 57 to 58 of the Joint Appendix, which says safety requirements, inspection of equipment, drivers shall satisfy themselves that equipment is ready to use and the following parts are in good working order, and that includes the tires, among other things. Turning quickly to discovery, I would say that the District Court properly found no additional discovery was necessary to rule on the Postal Service's motion to dismiss. On the motion before the District Court, the appellant did not request any specific discovery that they believed was necessary to find jurisdictional facts. They merely asked for more discovery to fully complete and elaborate on their record. Therefore, the question before this Court is whether the District Court abused its discretion in finding no additional discovery was necessary based on that request, not based on the new facts that appellant is requesting on appeal. But even if the Court were to consider those facts, that would not change the fact that the District Court did not abuse its discretion. The first question they have is about the meaning of the term spotting, which they believe may be related to inspections, but in fact spotting is not related to inspections and refers to surrendering a trailer so the Postal Service can use a vehicle called a spotter to transport it around and load and unload it. While that isn't actually discussed in the record, that is a common term in use in the industry, and an Internet search for that would reveal the definition, including in several other government documents that explicitly define what that means. Similarly, the manual standard operating procedures for inspections by law enforcement officers, as the title indicates, is about law enforcement officers inspecting the contractor's vehicle and what measures the contractor has to take to ensure the sanctity of the mail when that happens. It's not about Postal Service inspections. It's titled inspections by law enforcement officers, not safety inspections. If there are no further questions, the government would ask that the district court's judgment be affirmed. Thank you.